**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy and Valerie Faulkner,<br><br>Plaintiffs,<br><br>vs.<br><br>Bank of New York Mellon f/k/a Bank of New York, et al.,<br><br>Defendants. | No. CV11-1070-PHX-DGC<br><br>**ORDER** |

On May 27, 2011, Plaintiffs pro se filed a complaint challenging Defendants' conduct with regard to the loan for Plaintiffs' property (Doc. 1), and also filed a notice of lis pendens against the subject property (Doc. 3). Plaintiffs' complaint sought a variety of relief, including a temporary restraining order ("TRO"). Doc. 1. Plaintiffs did not move for a TRO until June 27, 2011.[1] Doc. 8. From the TRO papers it appears that a trustee sale was noticed for May 31, 2011 (Doc. 8-4 at 2), that it was postponed (*id.* at 31-33), and that a forcible detainer trial in the Estrella Mountain Justice Court was scheduled for June 28, 2011 at 10:30 a.m. (Doc. 8 at 28).

To obtain a TRO and a preliminary injunction Plaintiffs must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the

---

[1] Plaintiffs' affidavit states the motion was mailed to the courthouse on June 17, 2011 (Doc. 8 at 22), but the filing date of record in the Court's Electronic Filing System is June 27, 2011.

absence of preliminary relief, that the balance of equities tips in their favor, and that injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The test includes a sliding scale. If Plaintiffs show that the balance of hardships will tip sharply in their favor, they need not make a strong showing of likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010). Serious questions exist when a plaintiff shows a "'fair chance of success on the merits.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)). In an effort to satisfy these requirements Plaintiffs make a number of arguments, which the Court will address individually.

First, Plaintiffs allege that Defendants trespassed on their property without consent and broke into their home through the back door on May 31, 2011. Doc. 8 at 1. Although the law does not condone trespass, Plaintiffs fail to allege or show that trespass is likely to recur. Plaintiffs' assertion that Defendants' representatives "are now monitoring the property by parking in front of the Plaintiffs' home" (Doc. 8 at 8:17-19) appears to show Defendants are keeping their distance, and Plaintiffs do not explain how parking on a public road constitutes trespass on Plaintiffs' property. Plaintiffs also fail to show how a past incident of trespass by an agent of one or more defendants entitles Plaintiffs to enjoin the forcible detainer proceeding or to unwind the trustee sale if the sale already occurred. They have, therefore, not shown a likelihood of success on the merits or the existence of serious questions on this ground for emergency injunctive relief.

Second, Plaintiffs argue that Defendants wrongfully proceeded with a foreclosure despite Plaintiffs having sent them a cease and desist notice, written requests under RESPA, a complaint of possible fraud, a dispute of debt, and a request to validate debt. Doc. 8 at 2. Plaintiffs have cited no law that the mere notice of these issues to Defendants required Defendants to stop the foreclosure. Although Plaintiffs characterize

these notices as "legally binding" (Doc. 8 at 19:32), Plaintiffs do not allege the notices were court orders.  To the extent Plaintiffs argue that had the trustee properly investigated the allegations in the notices the trustee would have concluded the sale would be improper, Plaintiffs do not present affirmative evidence from which the Court may conclude that Plaintiffs are likely to succeed on the merits of this claim.  Nor have Plaintiffs explained why they waited until days before the forcible detainer trial to seek a TRO, or why they did not file the TRO motion in person thereby avoiding the delay of mailing.  In light of this delay and Plaintiffs' failure to show other viable equitable considerations, the Court concludes that the balance of equities does not tip sharply in Plaintiffs' favor.  Thus, even serious questions would not justify injunctive relief.

Third, Plaintiffs argue that emergency injunctive relief is warranted because they are entitled to due process under the Fifth Amendment.  *See* Doc. 8 at 2.  But Plaintiffs have not identified the state action that will deprive them of due process and have not meaningfully developed their due process arguments.  Therefore, the Court has no basis on which to find that Plaintiffs are likely to succeed on the merits or even have a fair chance of success.  The Court also finds that Plaintiffs are not entitled to emergency injunctive relief because they have not shown the balance of equities tips sharply in their favor, as discussed above.

Plaintiffs' request for emergency injunctive relief will be denied.  To the extent Plaintiffs also seek a permanent injunction (Doc. 8 at 2:1-3), the request is premature until the merits of this case have been resolved through summary judgment or trial.

**IT IS ORDERED** that Plaintiffs' petition for injunctive relief (Doc. 8) is **denied** as stated above.

Dated this 1st day of July, 2011.

_____
David G. Campbell
United States District Judge